# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No.: 1:18-cr-01065-JMC-11 |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| ANNA MASON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Anna Mason ("Mason"), proceeding *pro se*[1], filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 631.) In response, the United States of America ("the Government") expressly opposes Mason's Motion to Vacate (ECF No. 631) and moves for Summary Judgment on the merits. (ECF No. 646.) For the reasons stated below, the court **GRANTS** the Government's Motion for Summary Judgment (ECF No. 646) and **DENIES** Mason's Motion to Vacate without a hearing.

## I. FACTS AND PROCEDURAL HISTORY

On November 20, 2018, Mason along with 12 co-defendants were named in a 16-count Indictment wherein Mason was charged under Count One with being a member of a drug conspiracy involving 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and a quantity of a mixture or substance containing heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and (b)(1)(C). (ECF No. 3 at 4.) Thereafter, the court appointed Louis Lang ("Counsel") to represent Mason. (ECF No. 83.) Mason entered a guilty

---

[1] The court is required to interpret *pro se* documents liberally and such documents are held to a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the "special judicial solitude" with which a district court should view *pro se* motions "does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

1

plea regarding Count One of the Indictment on July 2, 2019. (ECF Nos. 266, 308.) Pursuant to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), Mason's statutory sentencing range was a minimum of ten years and a maximum of life.

Counsel filed two objections to the Presentence Investigation Report ("PSR") arguing — (1) "[t]he PSR should be corrected to show Mason with 3 criminal history points, rather than 5, resulting in a criminal history category of II, rather than III[,]" and (2) that the drug weights were incorrect. (ECF Nos. 509, 646-1.) Counsel did not argue that Mason had a minimal role in the conspiracy. At Mason's sentencing hearing on January 19, 2021, both Counsel and Mason agreed to withdraw their submitted objections if the Government offered to move for a downward departure from the guideline range of 135 to 168 months. (ECF No. 646.) As a result, Mason was sentenced to the custody of the Federal Bureau of Prisons for one hundred (100) months, followed by five years of supervised release. (ECF No. 516.)

Turning to Mason's instant Motion (ECF No. 631-1), she maintains the following: (1) Counsel failed to communicate with her and thoroughly discuss the circumstances and potential consequences of her case because Counsel did not meet with Mason frequently enough, and he stated Mason would be incarcerated no more than seven years, (2) Counsel failed to negotiate a more favorable Plea Agreement, (3) based on Mason's criminal history and limited involvement with the criminal activity, Counsel failed to properly argue objections to the PSR, and (4) Counsel did not adequately consult with her regarding the appeal process. (ECF No. 631-1.)

The Government counters and moves for summary judgment (ECF No. 646), stating Mason has submitted no evidence supporting any of her arguments. Specifically, it asserts Mason's testimony under oath at her guilty plea hearing as well as her sentencing hearing directly contradicts numerous claims outlined within her Motion. (ECF No. 646 at 7-8, 15, 19, 21.) Also,

the Government points to Counsel's Affidavit which states Counsel met with Mason nine times in total. (*Id.* at 9.) In weighing the evidence against Mason, Counsel determined a plea deal was the best option; accordingly, he negotiated with the Government. (*See* ECF No. 646-4 at 3-4.) Once the Government rejected Counsel's original plea offer, they sent two counteroffers. (*Id.* at 4.) The first counteroffer was to: "plea to the conspiracy charge as indicted, which carried a ten (10) year mandatory minimum, with the agreement the Government would move for a downward departure if Mason's cooperation rose to the level of substantial assistance." (*Id.*) After Counsel gave his opinion regarding her best option between the two offers, Mason signed the first option Plea Agreement. (*Id.*) Additionally, Counsel claims he did not promise or tell Mason she would receive any sentence. (*Id.*) Lastly, Counsel asserts that he repeatedly told Mason about her right to appeal and the timeliness thereof, but she did not respond. (*Id.* at 5.)

Mason responded to the Government's Motion for Summary Judgment, largely reiterating the same arguments she previously set forth. (ECF No. 656.) The court considers below the merits of the parties' respective Motions.

## II. JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255, which states that a federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court.

## III. LEGAL STANDARD

### A.    Ineffective Assistance of Counsel

To move for relief under 28 U.S.C. § 2255, a petitioner must plead that he was sentenced "(1) in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose such sentence, (3) that the sentence was in excess of the maximum

3

authorized by law, or (4) that his sentence is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

A prisoner attacking a sentence under § 2255 bears the burden of proving the grounds for attack by a preponderance of the evidence. *Moreno v. United States*, No. 6:15-cr-00360-JMC, 2022 U.S. Dist. LEXIS 20452 (D.S.C. Feb. 4, 2022) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)). Still, "[t]he language of § 2255 makes clear that not every alleged sentencing error can be corrected on collateral review." *United States v. Foote*, 784 F.3d 931, 932 (4th Cir. 2015). The Supreme Court determined if an alleged sentencing error is neither constitutional nor jurisdictional, a petitioner must show that the sentence contains "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974). When the record conclusively shows that the petitioner is not entitled to relief, the court may dismiss the motion outright. *See* 28 U.S.C. § 2255(b).

An ineffective assistance of counsel claim is properly raised in a 28 U.S.C. § 2255 action. *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999); *United States v. Gastiaburo*, 16 F.3d 582, 590 (4th Cir. 1994). To be eligible for habeas relief on an ineffective assistance of counsel claim, the defendant bears the burden of satisfying the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). The defendant must show first that counsel's performance was so deficient that it fell below an objective standard of reasonableness. *Id.* at 687-88. Second, the defendant must demonstrate "that the deficient performance prejudiced the defense." *Sharpe v. Bell*, 593 F.3d 372, 382 (4th Cir. 2010) (quoting *Strickland*, 466 U.S. at 687).

Under the first *Strickland* prong, the defendant must identify acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Strickland*, 466 U.S. 690. Then, considering all circumstances and keeping in mind that counsel's function "is to

4

make the adversarial testing process work in the particular case," the court must determine whether the "identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* Moreover, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* The court reviews "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.*

The Sixth Amendment guarantees that counsel provides a defendant with the assistance necessary to justify reliance on the outcome of the proceeding. *Strickland*, 466 U.S. at 691–92. An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *United States v. Morrison*, 449 U.S. 361, 364–65 (1981). Therefore, it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding because almost every act or omission of counsel would meet that test. *United States v. Valenzuela-Bernal*, 458 U.S. 858, 866–67 (1982). *Strickland's* second prong, therefore, "asks whether it is 'reasonably likely' the result would have been different." *Harrington v. Richter*, 562 U.S. 86, 111 (2011) (quoting *Strickland*, 466 U.S. at 696). "The likelihood of a different result must be substantial, not just conceivable." *Harrington*, at 112 (citing *Strickland*, 466 U.S. at 693).

**B.     Motion for Summary Judgment**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248–49 (1986). A genuine question of material fact exists where, after reviewing the record, the court finds that a

5

reasonable jury could return a verdict for the non-moving party. *Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 434 (4th Cir. 2011).

When ruling on a summary judgment motion, a court must view the evidence in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990). The non-moving party may not oppose a summary judgment motion with mere allegations or denial of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(c) (1); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson*, 477 U.S. at 256. "Under this standard, 'the mere existence of a scintilla of evidence' in favor of the non-movant's position is insufficient to withstand the summary judgment motion." *Sedar v. Reston Town Ctr. Prop., LLC*, 988 F.3d 756, 761 (4th Cir. 2021) (citing *Anderson*, 477 U.S. at 252). The non-moving party may not sustain its burden by mere "conclusory allegations or denials, without more." *Sedar*, 988 F.3d at 761 (citing *Wai Man Tom v. Hosp. Ventures LLC*, 980 F.3d 1027, 1037 (4th Cir. 2020)). All that is required to survive summary judgment is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249.

## IV. ANALYSIS

### A.     Failure to Communicate

In this matter, Mason moves the court to vacate her sentence; fundamentally, she alleges that her attorney only met with her twice over a one-year period and failed to communicate with her about the merits of the case as well as the evidence against her. (ECF No. 631-1 at 7–9.) As a result, Counsel did not counsel her properly. (*Id.* at 9.) This argument is largely defeated by Mason's testimony during her guilty plea hearing. *See e.g., Blackledge v. Allison*, 431 U.S. 63,

6

73–74 (1977) ("for the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in open court carry a strong presumption of verity"); *United States v. Custis*, 988 F.2d 1355, 1363 (4th Cir. 1993) ("when a defendant is represented by counsel when making his guilty plea, that pleas is presumed valid when later attacked in a habeas corpus proceeding"); *Fields v. Attorney General*, 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy.")

Here, the court is unconvinced by Mason's argument because she has not provided clear and convincing evidence to support her assertion that counsel failed to effectively communicate with her.  In her reply brief to the Government's Memorandum, Mason contends "it is hard to imagine what additional evidence Mason could present to establish what Counsel told her in presumably private conversations."  (ECF No. 656 at 3.)  While Mason and Counsel had private conversations between themselves, the court provided Mason with several, significant opportunities to express her displeasure with Counsel at her guilty plea hearing.  The transcript from that hearing states, in relevant part, the following:

> THE COURT: Okay.  Thank you.  Now we are going to discuss generally your relationship with your attorney.  Has your attorney explained to you the nature of the charges against you as well as your possible punishment?
> DEFENDANT Mason: Yes, ma'am.
>
> THE COURT: Has your attorney also gone over the discovery or evidence in the case so that you would know what the government was going to use to prove against you in support of its charges against you?
> DEFENDANT MASON: Yes, Ma'am.
>
> THE COURT: Have you had the opportunity to speak with your attorney freely about any questions, concerns, trial strategies, things of that nature so that you can understand the decision you're making today about pleading guilty or going to trial?

>DEFENDANT MASON: Yes, Ma'am.
>
>THE COURT: And has your attorney explained everything to you in language you can understand so that you can make that decision?
>DEFENDANT MASON: Yes, Ma'am.
>
>THE COURT: Are you satisfied with how your lawyer has represented you?
>DEFENDANT MASON: Yes, Ma'am.

(ECF No. 646-3 at 6–7.)

Mason asserts she relied on Counsel's deficient advice to plead guilty instead of going to trial and that Counsel instructed her to address the court in the affirmative. (ECF Nos. 631-1, 656.) Even if this claim is true, Mason had numerous opportunities to alert the court as outlined below:

>THE COURT: So, as you stand here today, is this your decision to plead guilty?
>DEFENDANT MASON: Yes, Ma'am.
>
>THE COURT: Has anyone forced or threatened you to plead here today?
>DEFENDANT MASON: No, Ma'am.
>
>THE COURT: Are you doing so of your own free will?
>DEFENDANT MASON: Yes, Ma'am.
>
>THE COURT: And do you feel like you had enough time to discuss this case with your lawyer, again, going over all the evidence, understanding your charges, understanding the possible penalties, understanding any potential defense strategies if you were to go to trial?
>DEFENDANT MASON: Yes, Ma'am.
>
>THE COURT: So, as you stand here today, is this your decision to plead guilty?
>DEFENDANT MASON: Yes, Ma'am.
>
>THE COURT: And has anyone threatened you in any way to plead guilty?
>DEFENDANT MASON: No, Ma'am.
>
>THE COURT: Okay. And then other than any promises in a plea agreement, has any lawyer promised you anything in exchange for this plea here today?
>DEFENDANT MASON: No, Ma'am.

(ECF No. 646-3 at 17–18.)

8

During her guilty plea, Mason represented Counsel effectively communicated with her regarding the merits of her case and that she was not coerced into pleading guilty. Mason has not provided clear and convincing evidence to refute her testimony and consequentially remains bound to the representations she made under oath. Therefore, Mason's first argument fails the two prong *Strickland* test.

**B.     Failure to Negotiate a Better Plea Agreement**

Mason's second claim is that Counsel failed to negotiate a better plea deal because he was unfamiliar with the circumstances of Mason's case, resulting in an agreement that was "skewed in favor of the government and did not have any benefit to her." (ECF No. 631-1 at 12.)

"During plea negotiations defendants are 'entitled to the effective assistance of counsel.'" *Lafler v. Cooper*, 566 U.S. 156, 162 (2012) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). For an attorney to be deficient in their performance during the plea-bargaining stage, their performance must have fallen below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687–88 ("a guilty plea cannot be attacked as based on inadequate legal advice unless counsel was not 'a reasonably competent attorney' and the advice was not 'within the range of competence demanded of attorneys in criminal cases.'") (citation omitted). When the petitioner challenges his guilty plea based on his counsel's alleged deficient performance, he can show prejudice only if "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

A petitioner gains an advantage from the plea deal when their sentence is reduced. *Good v. United States*, No. 2:16CR22, 2018 WL 2976984, at *6 (E.D. Va. June 12, 2018) (counsel's performance was not deficient or prejudicial when petitioner obtained a valuable benefit through a plea agreement); *Cabrera v. United States*, No. 1:09CR122-1, 2014 WL 5531058, at *5

9

(M.D.N.C. Nov. 3, 2014) (petitioner benefited from a plea deal after the Government recommended a reduction from 121 to 151 months to 87 to 108 months at sentencing). When a defendant is unable to produce any evidence that a more favorable Plea Agreement is available, they cannot show prejudice under *Strickland*. *Renteria v. United States*, No. 7:12-CR-37-FA-10, 2021 WL 1234510, at *5 (E.D.N.C. Apr. 1, 2021) (citing *Horne v. United States*, 1:19CV196, 2020 WL 7408240, at *4 (M.D.N.C. May 21, 2020)). Moreover, a defendant's dissatisfaction with their sentence does not indicate that counsel rendered ineffective assistance. *See Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998) (explaining that counsel is not constitutionally ineffective simply because a petitioner believes he or she "could have gotten a better deal").

Here, Counsel's performance was not deficient because his negotiations and subsequent plea deal with the Government allotted Mason a significantly lesser sentence of one hundred months instead of 120 months. Because "Mason was held accountable for 8,872.82 grams of methamphetamine and 14 grams of heroin," there was considerable evidence against her; thus, Counsel negotiated with the Government for a favorable Plea Agreement. (*See* ECF No. 646-4 at 3–4, 17.) The Government rejected Counsel's original plea offer; however, they sent two counteroffers. (*Id.* at 3–4.) Counsel informed Mason of each counteroffer, recommending that she accept the first counteroffer. (*Id.*) This required Mason to: "plea to the conspiracy charge as indicted, which carried a 10-year mandatory minimum, with the agreement the Government would move for a downward departure if Mason's cooperation rose to the level of substantial assistance." (*Id.*)

Ultimately, Mason accepted this counteroffer, and, at sentencing, the Government moved for downward departure from the guideline range of 135 to 168 months. (ECF No. 516.) Accordingly, Mason was committed to the custody of the Federal Bureau of Prisons for one

hundred months, with five years of supervised release. (ECF No. 646.) In essence, Mason's conviction is below the statutory minimum as well as original guideline range. Although Mason asserts that Counsel could have obtained a better plea deal, she has not provided any evidence supporting this claim, and cannot show *Strickland* prejudice. *Gomez v. United States*, No. 3:06CR147, 2007 WL 3232535, at *2 (W.D.N.C. Oct. 31, 2007) (dismissing a claim for ineffective assistance of counsel because petitioner "present[ed] no evidence showing that a more favorable plea agreement was available from the government.") Aside from her own allegations, Mason has not submitted any evidence demonstrating that her attorney was ineffective for failing to negotiate a more favorable plea agreement. *Florence v. United States*, No. 1:04CR497-1, 2008 WL 11422464, at *4 (M.D.N.C. Feb. 28, 2008) (holding that conclusory allegations were not enough to determine a better plea agreement could have been negotiated or demonstrate ineffective assistance of counsel). Therefore, Counsel provided reasonably competent assistance as Mason has not demonstrated there was a more favorable option aside from the agreement she accepted. Consequently, the court is not persuaded by Mason's second argument.

**C.     Failure to Properly Argue Objections to the PSR**

Mason argues that Counsel did not properly object to the criminal history as well as the minimal role portions of the PSR. (ECF No. 631-1 at 14–16.) Beginning with her first position, Mason asserts the criminal history category was miscalculated because the PSR included crimes that should have been discharged pursuant to S.C. Code Ann. § 24-19-120 (West 2022). (*Id.* at 14.) The statute provides: "[a] youthful offender shall be released conditionally under supervision on or before the expiration of four years from the date of his conviction and shall be discharged unconditionally on or before six years from the date of his conviction." *Id.* Mason claims Counsel did not properly object to sections of the PSR; as a result, she was placed in a higher sentencing

11

guideline range. (ECF No. 631-1 at 14–15.) Secondly, Mason maintains she was a minimal participant in the conspiracy because she was only involved from December 2017 - December 2018, so she should have received a four-level reduction pursuant to U.S.S.G. § 3B1.2(a).

Counsel objected to Mason's criminal history as well as the drug weights outlined in the PSR. (*See* ECF No. 646-1.) The probation officer responded to the criminal history objection, stating that Mason's criminal history category was correctly calculated because there was an outstanding arrest warrant for failure to report and failure to pay her restitution. (*Id.* at 4–5.) Counsel withdrew this objection as well as the drug weight objection in exchange for the Government seeking a downward departure from the mandatory minimum of 120 months. (ECF No. 646.) At her sentencing hearing, Mason stated she understood this compromise and the benefit it provided her:

> THE COURT: Then there is an agreement between your lawyer and the Government that you are withdrawing the objections that were mentioned, one dealing with drug weight quantities, the other dealing with whether or not you had too many criminal history points.
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Instead of the mandatory minimum of 120 months -- and again, the guidelines had a higher range of 135 to 168 -- the Government, in exchange for you withdrawing those objections, is entering a 5K motion, essentially for you assisting the Government. And there will be a downward departure from that 120 months or the 135 to 100 months imprisonment.
> THE DEFENDANT: Okay.
>
> THE COURT: Is that what you understand is the agreement?
> THE DEFENDANT: Yes.

(ECF No. 646-2 at 7.)

Mason's second objection asserts Counsel was ineffective because he did not argue that Mason was a minimal participant in the drug conspiracy. (ECF No. 631-1 at 15–16.) Mason claims she was only involved in the conspiracy for one year, and, as a result, her offense level

12

should be decreased by four levels. (*Id.*) Under U.S.S.G. § 3B1.2(a), if the defendant was a minimal participant in any criminal activity, decrease the offense level by four levels. U.S.S.G. 3B1.2. Comment four to U.S.S.G. § 3B1.2(a) states outlines that the minimal participant category covers "defendants who are plainly among the least culpable of those involved in the conduct of a group… lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." *Id.*

Despite Mason's relatively brief involvement period, she was not the least culpable in this conspiracy. Mason consistently delivered, retrieved, and sold methamphetamine in exchange for cash. (ECF No. 646 at 16.) In fact, Mason delivered at least 3.5 kilograms of methamphetamine during her participation under the drug conspiracy and was deemed responsible for 8,872.82 grams of methamphetamine and 14 grams of heroin. (*Id.* at 16–17.) At Mason's sentencing hearing the court reiterated these notions telling Mason the following:

> [Y]ou were a participant in a large drug trafficking conspiracy which required you to distribute multi-ounce to multi-kilogram quantities of meth throughout Aiken County area of South Carolina. There was lots of information obviously provided by cooperating witnesses identifying you as a methamphetamine distributor who supplied quantities of meth to others in Aiken County. And there was evidence obtained in many regards, from cell phone records, electronic, and physical surveillance, social media accounts, showing that you, along with others, distributed this meth in exchange for large amounts of cash.

(ECF No. 646-2 at 11.)

Because of the significant evidence against Mason, Counsel determined that she was not among the least culpable within this conspiracy and raising an objection based on Mason's minimal participation would not prove fruitful. Therefore, because Counsel properly withheld his objection to Mason's participation; moreover, his compromise with the Government benefited Mason. As a result, the court is unpersuaded by Mason's argument that Counsel failed to properly argue objections to the PSR.

13

### D. Failure to File a Notice of Appeal

Mason's fourth and final assertion states Counsel ineffectively counseled her during the appeal process because Counsel did not contact her about an appeal once she was sentenced. (ECF No. 631-1 at 17.) An attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (1999) (the court begins its analysis of counsel's defectiveness regarding a failure to appeal by determining if counsel consults with the defendant and "convey[s] a specific meaning-advising the defendant about the advantages and disadvantages of taking an appeal").

In this case, Counsel provided evidence of two separate instances wherein he contacted Mason regarding the appeal process. His first email states the following:

> Judge Childs said you have the right to appeal your sentence. As you may recall, your plea agreement has a partial waiver of that right, the exception to that waiver being for matters concerning prosecutorial misconduct, ineffective assistance of counsel and changes in the law that could affect your sentence. I understood you to tell me you did not wish to appeal your sentence. Accordingly, I will not be filing a notice of appeal. However, if you change your mind, you need to let me know as soon as possible, because a notice of appeal must be filed within l4 days of the entry of the Judg[]ment, a copy of which is attached. The Judg[]ment was entered January 20, 2021, so a notice of appeal would have to be filed no later than February 3, 2021.

(ECF No. 646-4 at 9–10.)

Thereafter, Counsel sent a second email, stating:

> Ms. Mason: Attached is a copy of the now amended judgment correctly showing the Judge's recommendation of Alderson, West Virginia. The date for filing the notice of appeal has not changed. Please see my earlier email regarding that date. Thanks, and please let me know if you have any questions.

(ECF No. 646-4 at 11.)

Effectively, these emails were sent to memorialize a conversation that Mason and Counsel had after her sentencing. (ECF No. 646-4 at 5.) Within these emails, Counsel properly informed Mason about the appeal process, including the procedure, and her right to appeal. Furthermore,

14

Mason was notified of her right to appeal *pro se* as well as her appeal waiver under her guilty plea. (ECF No. 646 at 19–20.) In each instance, Mason stated that she understood her right to appeal and her appeal waiver. (*Id.*) Thus, Counsel communicated with Mason regarding the appeal process and procedure, and Mason was adequately informed of her right to appeal *pro se* as well as her appeal waiver. Accordingly, Mason's fourth argument fails.

## V. CONCLUSION

After a thorough review of the record, the court finds that Mason has not provided any evidence to support her § 2255 motion. Accordingly, the court **GRANTS** the Government's Motion for Summary Judgment (ECF No. 646) and **DENIES** Anna Mason's Motion to Vacate (ECF No. 631) without a hearing.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 2, 2022
Columbia, South Carolina